UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
JORGE RODRIGUEZ,                )
                                )
        Plaintiff                )
                                )   Case No. 3:11-0634
v.                              )   Judge Nixon/Brown
                                )   Jury Demand
THE AUTOMOBILE INSURANCE        )
COMPANY OF HARTFORD, CONNECTICUT,)
                                )
        Defendant                )
```

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following initial case management plan is adopted.

**1. Jurisdiction:** There is no dispute as to jurisdiction. The Plaintiff filed a complaint in Montgomery County Circuit Court on May 20, 2011. The Plaintiff is a citizen and resident of Tampa, Florida, who owns property located at 778 Pollard Road, Montgomery County, Tennessee. Defendant, The Automobile Insurance Company of Hartford, Connecticut, doing business as "Travelers" ("Defendant" or "Travelers") was served on June 3, 2011. Defendant is a foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee. Defendant sought removal to this Honorable Court on June 30, 2011, pursuant to 28 U.S.C. §§ 1441 and 1446(b), and 28 U.S.C. § 1332. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441 and 28

U.S.C. §§ 1332. The alleged amount in controversy exceeds $75,000.00.

2.  **Plaintiff's Theory of the Case:** The Plaintiff is a homeowner who has a homeowners' insurance policy ("Policy") with the Defendant. The Plaintiff made a claim under his Policy for sinkhole damage that occurred to his home. The Defendant originally denied the claim without performing any type of investigation. Tenn. Code Ann. § 56-7-130 provides the minimum standards of investigating a sinkhole claim and the Defendant did not meet any of these standards. The Defendant later came out to the Plaintiff's home but still failed to meet the minimum standards of investigation. The Defendant has breached the Policy with the Plaintiff by failing to pay all benefits due for a claim of sinkhole activity, has failed to meet certain minimum standards of investigation, and has violated the Tennessee Consumer Protection Act of 1977, §§ 47-18-101, *et seq.*

3.  **Defendant's Theory of the Case:** Defendant denies that there is coverage under the Policy applicable to this litigation for the claim made by Plaintiff that damages to his property resulted from sinkhole activity. Defendant avers that its investigation complied with appropriate Tennessee statute. Defendant avers that the claims are not encompassed within the insurance policy coverage involved herein. Defendant denies that it is in breach of the Policy and denies that it is liable to

Plaintiff under any of the theories he asserts. Defendant denies that Plaintiff is entitled to the damages alleged against it.

  **4.**  **Identification of the Issues:** The Parties agree that the Plaintiff has a Policy with Defendant that covers the period of time of the damage. The Parties disagree as to the cause of the claimed damage to the Plaintiff's home and whether it is covered under the Policy.

  **5.**  **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.** Plaintiff intends to file an Amended Complaint to allege bad faith. New Parties are not anticipated to be involved in this litigation. Defendant will file its responsive pleading as provided for under Federal Rules of Civil Procedure.

  By the close of business on **March 27, 2012**, the Plaintiff shall declare to the Defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

  By the close of business on **April 27, 2012**, the Defendant shall declare to the Plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

  Any supplements to expert reports shall be served by the close of business on **May 18, 2012**. There shall not be any rebuttal expert witnesses.

The Parties shall have until **July 2, 2012**, by which to complete depositions of the experts.

**6.    Initial Disclosures and Staging of Discovery:** The Parties shall make their Rule 26(a)(1)(A) through (E) disclosures on **September 26, 2011**.

All nonexpert discovery shall be completed by the close of business on **March 9, 2012**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by M**arch 9, 2012**. All nonexpert discovery-related statements shall be filed by the close of business on **March 9, 2012**. No motions concerning discovery are to be filed until after the Parties have conferred in good faith and are unable to resolve their differences, and have scheduled and participated in a conference call with Magistrate Judge Brown.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to **60** such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number.

**7.    Dispositive Motions:** All dispositive motions shall be filed by the close of business on **August 24, 2012**, and any response thereto shall be filed by the close of business on **September 24, 2012**. Any reply shall be filed by the close of business on **October 8, 2012**. If dispositive motions are filed early, the response should be filed **28 days** after the date the

4

motion is filed, and the reply should be filed **14 days** after the date the response is filed.  The motion and response memoranda are limited to **25 pages**, and the reply, if any, is limited to **five pages**, absent Court permission for longer pleadings.

      **8.**    **Other Deadlines:** There shall be no stay of discovery pending disposition of any motions.

      **9.**    **Alternative Dispute Resolution:** The Parties shall report to the Court by **March 9, 2012**, as to whether this case is appropriate for alternative dispute resolution.

      **10.**    **Consent to Trial Before the Magistrate Judge:** The Parties shall file the appropriate pleading should there be consent to trial before the Magistrate Judge.

      **11.**    **Subsequent Case Management Conferences:** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **March 12, 2012, at 10:00 a.m.  To participate in the conference call, Parties shall call 615-695-2851 at the scheduled time.**

      **12.**    **Trial Date:**  The Parties estimate that this jury trial will take approximately three days, depending on what issues remain for trial.  After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **January 22, 2013**, **at 9:00 a.m.**  Judge Nixon will conduct the final pretrial conference on **January 11, 2013, at 10:00 a.m.**  Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

      It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge